G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com
Attorneys for Plaintiff,
BARBARA MIGNONA

FILED
MAY 29 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MIGNONA,<br><br>Plaintiff,<br><br>vs.<br><br>DIVERSIFIED COLLECTION SERVICES, INC.; and DOES 1 to 10, inclusive,<br><br>Defendants. | Civil Case No.: C12-02717<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Does Not Exceed $10,000 |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Barbara Mignona (hereinafter "Barbara"), an individual consumer, against defendant Diversified Collection Services, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and § 1331. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Barbara Mignona is a consumer, a natural person allegedly obligated to pay any debt, residing in Palm Beach County, in the state of Florida.

4. Defendant, Diversified Collection Services, Inc. is a foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County at 333 North Canyons Parkway, Suite 100, Livermore, CA 94551. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, displaying the intent to annoy her; seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Barbara and placing collection calls to Barbara in January of 2012.

9. Upon information and belief, within one year from the filing of this complaint, on January 9, 2012, Defendant lied to and/or misled Barbara, by threatening that it would garnish her wages.

10. Upon information and belief, Defendant does not have the requisite legal standing to sue Barbara in order to be able to garnish her wages, and in regards to federal student loans, Defendant can only assist the federal government in the garnishment process, and cannot garnish Plaintiff itself.

11. Upon information and belief, within one year from the filing of this complaint, on January 9, 2012, Defendant mislead Plaintiff through a communication on

Plaintiff's Caller I.D., by 'spoofing' Plaintiff and trying to make it seem as though Plaintiff was calling Plaintiff from a (561) area code, when it was not.

12. Defendant utilized unfair and unconscionable means to collect on Barbara's alleged debt, by both lying to and/or misleading Barbara.

13. As a result of the acts alleged above, Barbara suffered emotional distress resulting in her feeling stressed, amongst other negative emotions.

14. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Barbara.

## FIRST CLAIM FOR RELIEF

15. Barbara repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

   (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

- 4 -
COMPLAINT & DEMAND FOR JURY TRIAL

(c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

(d) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(e) Defendant violated *§1692e(4)* of the FDCPA by giving the representation or implication that nonpayment of any debt will result in the garnishment of the wages of Plaintiff, without intending to take said action.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Barbara to pay the alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Barbara Mignona for actual damages, statutory damages, and costs and attorney fees.

## SECOND CLAIM FOR RELIEF

19. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

20. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to the following:

- 5 -
COMPLAINT & DEMAND FOR JURY TRIAL

(a) Defendant violated *§1788.17* of the RFDCPA by being a debt collector collecting or attempting to collect a consumer debt that is not compliant with the provisions of Sections 1692b to 1692j of the FDCPA, the references to federal codes in this section referring to those codes as they read as of January 1, 2001.

21. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22. As a result of the foregoing violations of the RFDCPA, Defendant is liable to the plaintiff Barbara Mignona for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff Barbara Mignona respectfully requests that judgment be entered against defendant Diversified Collection Services, Inc. for the following:

   A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

   B. Statutory damages pursuant to 15 U.S.C. § 1692k.

   C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

   D. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Barbara Mignona demands trial by jury in this action.

                                      RESPECTFULLY SUBMITTED,
                                      **PRICE LAW GROUP APC**

DATED: May 21, 2012          By: _____
                                                    G. Thomas Martin, III
                                                    Attorney for Plaintiff